[No. 18193.   Department Two. — December 15, 1893.]

THE PEOPLE EX REL. SCEARCE, APPELLANTS, v. COUNTY OF GLENN, RESPONDENT.

CONSTITUTIONAL LAW—PASSAGE OF STATUTES—THIRD READING—DISPENS-
ING RESOLUTION.—Under section 15 of article IV of the state constitu-
tion, providing that no bill shall "become a law unless the same be read
on three separate days in each house, unless, in case of urgency, two-
thirds of the house where such bill may be pending shall, by a vote of
yeas or nays, dispense with this provision," a dispensing resolution
adopted by a two-thirds vote of the senate, declaring that a number of
specified bills "present cases of urgency"; and that the provision of
the constitution "requiring that the bill be read on three separate days
in each house is hereby dispensed with," is not objectionable upon the
ground that it includes other bills as well as the one brought in question.

ID.—EXTENT OF LEGISLATIVE POWER.—The constitution does not expressly or impliedly prohibit the senate from exercising its dispensing power with respect to two or more bills by one declaration of its purpose; and the legislature may exercise all legislative power not prohibited to it by the constitution.

ID.—CONSISTENCY OF VOTES OF SENATORS.—The fact that several of the senators who voted to declare a bill a case of urgency afterwards voted against the bill on its final passage is immaterial, and cannot be considered as indicating that such senators may have voted in the first instance through improper motives.

ID.—MOTIVES OF LEGISLATORS.—The motives which induce legislative action are not a subject of judicial inquiry, and the legislative act cannot be declared unconstitutional because, in the opinion of a court, it was or might have been the result of improper considerations.

ID.—ACT CREATING NEW COUNTY—SPECIAL LEGISLATION.—An act creating and providing for the organization of a new county is not within the prohibition of the constitution against special and local legislation; and there is no limitation upon the means which may be employed for its preliminary organization.

ID.—CREATION OF SUPERVISOR DISTRICTS.—It is not fatal to an act creating a new county, that it does not itself provide for the division of the proposed county into supervisor districts, but allows five supervisors to be, in the first instance, elected at large, who have power under the general law to divide the counties into districts.

ID.—SPECIAL LAW REGULATING ELECTIONS.—Under subdivision 11 of section 25 of article IV of the constitution there may be a special law for holding and conducting an election "on the organization of new counties."

ID.—FRAUD AT ELECTION—PLEADING.—Attempted allegations of fraud at such an election, which state no facts sufficient to constitute such fraud, are only of conclusions of law, and a special demurrer to such allegations is properly sustained.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Stanly, Hayes, McEnerney & Bradley, H. M. Albery,* and *Attorney-General W. H. H. Hart,* for Appellant.

*Aylett R. Cotton,* and *J. C. Campbell,* for Respondent.

McFARLAND, J.—On March 11, 1891, an act of the legislature was approved, entitled "An act to create the county of Glenn, to establish the boundaries thereof, and to provide for its organization" (Stats. of 1891, p. 96); and defendant claims that in pursuance of the

provisions of that act the county of Glenn became duly organized. For some time past defendant has been exercising the ordinary functions of a county government, and has been recognized as such by the political and executive departments of the state government. This present proceeding was brought in the superior court, in the name of the people, to have it judicially decreed that said county of Glenn " is not legally organized and is not a separate county government "; that it has usurped the franchise of a public corporation, and that it be precluded from exercising the same, etc. To the complaint defendant interposed a demurrer upon general as well as upon many special grounds. The demurrer was sustained; and plaintiffs declining to further amend, judgment was rendered for defendant. Plaintiffs appeal.

The only point presented by appellants at the oral argument, and the main one made in their brief, is that said act providing for the creation of Glenn county was not, before its passage by the state senate, " read on three several days" in that branch of the legislature, in accordance with the provision of section 15 of article IV of the state constitution; that such provision was not dispensed with by a two-thirds vote of the senate, as may be done under that section; and that, therefore, said act is unconstitutional and void.

The complaint avers that said act—which had been regularly passed in the assembly, and was designated as Assembly Bill No. 185—was not read on three several days before its passage in that body. But the complaint also shows that before its passage in the senate, a resolution was there adopted by a two-thirds vote, by which it was resolved that said act—Assembly Bill No. 185—and also a number of other bills, "present cases of urgency as that term is used in section 15 of article IV of the constitution, and the provision of that section requiring that the bills shall be read on three several days in each house is hereby dispensed with, and it is ordered," etc.

The only objection to the dispensing resolution is that it included other bills as well as the one now in question. But the constitution does not undertake to provide the form, or to set limitations to the manner in which the dispensing power shall be exercised. The words are simply: "Unless, in a case of urgency, two-thirds of the house where such bill may be pending shall, by a vote of yeas or nays, dispense with this provision." It merely provides that a bill shall be read on three different days in each house, unless such house by a two-thirds vote shall, in some appropriate form, dispense with that necessity. This was done in the case at bar with respect to the bill in question—the bill being expressly named in the resolution. The main virtue of the provision is evidently the requirement of a two-thirds vote. The constitution does not, either expressly or by necessary implication, prohibit the senate from exercising its dispensing power with respect to two or more bills by one declaration of its purpose; and the unquestioned rule with respect to American states is that the legislature may exercise all legislative power not prohibited to it by the constitution. The judiciary, when called upon to determine what the law is that applies to an action regularly pending in a court, is sometimes forced to say that a particular act of the legislature invoked by one of the parties to the action is not law because in conflict with the higher law—the constitution; but it will exercise that delicate power only in cases where the legislature in passing the act in question did clearly violate some prohibitory clause of the constitution. To otherwise exercise it would be to confound the distinction between the co-ordinate departments of the government. And, in the case at bar, to hold here that the Glenn County Act is unconstitutional, for the reason assigned, would simply be to substitute our judgment of the propriety of certain legislative action for that of the legislators themselves, whose judgment in the premises was under the constitution supreme and final.

It is averred in the complaint that several of the senators who voted to declare the Glenn County Bill a case of urgency afterwards voted against the bill on its final passage. This averment is clearly of no value. It was made to indicate that such senators may have voted in the first instance through improper motives. In the first place, if motives could be at all inquired into here, we would not hunt after bad motives for an act when worthy motives were apparent. For instance, a legislator although opposed to a certain bill might well vote to dispense with the readings on different days, because he thought that the public interest required speedy action on the subject; or it might well be that between the first and second vote he had changed his views as to the policy of the bill. Other creditable motives could easily be suggested. But the motives which induced legislative action are not a subject of judicial inquiry; and a legislative act cannot be declared unconstitutional because, in the opinion of a court, it was or might have been the result of improper considerations. A court is neither the director of the discretion of a legislator, nor the keeper of his conscience.

The case of *Bloom* v. *Xenia*, 32 Ohio St. 461, cited and relied on by appellants, is not authority for them, but is authority against them. The case involved the validity of an ordinance of a municipal corporation; and the facts were that the rules were suspended generally, without special mention of the ordinance in question, and then, after a certain other ordinance had been passed, the ordinance in question was passed without any further suspension of the rules. But the court elaborately shows the distinction between a municipal corporation with granted and limited powers and the legislature of a state with powers unlimited except by *prohibition* of the constitution. The court say: "The efforts of courts are to sustain acts of the legislature; they will not be declared unconstitional unless clearly so. . . . . By the terms of the organic law, the legislative power of the state is declared to be vested in the

general assembly. The grant of power is general, not special; it embraces all such legislative power as the people of the state could, under the federal constitution, confer—the whole legislative power of the state. The limitations upon the exercise of this power thus broadly confined are special, and are to be found in other parts of the instrument. When, therefore, the power of the legislature to enact a general law is disputed, the proper question is, whether such exercise of legislative power is clearly *prohibited* by the constitution."

There are other points made by appellants in their brief which we do not deem necessary to be largely discussed. They are in great part answered by the decision of this court in *People* v. *McFadden*, 81 Cal. 489, 15 Am. St. Rep. 66, which involved the validity of the act creating the county of Orange. It must be remembered that, as held in the case just cited, an act creating and providing for the original organization of a new county is not within the prohibitions of the constitution against special and local legislation; and this consideration parries most of the additional thrusts made in the brief at the validity of the Glenn County Act. Many of the provisions of an act creating a new county are intended to be only preliminary and temporary, and are necessary to put the new political subdivision on its feet, so that at the expiration of time limited for the existence of the temporary expedients, the county may, in due course, take its place under the general law for the government of organized counties. And, as there is no limitation upon the means which may be employed for this preliminary organization of a county, it is not fatal to the Glenn County Bill that it does not itself provide for the division of the proposed county into supervisor districts, but allows five supervisors to be, in the first instance, elected at large, who have power under the general law to divide the county into districts. Neither do we see anything in the objection to the manner in which the election, at which the voters of the proposed new county expressed their will, was held. It was held in accord-

ance with the provisions of the act itself, and by subdivision 11, section 25, article IV, of the constitution, there may be a special law for holding and conducting an election " on the organization of new counties." There are in the complaint some attempted allegations of fraud at the election; but if the determination of the commissioners appointed by the act to superintend the election and declare the result is not conclusive of that point in the absence of any law for contesting such an election, still, the said allegations are only of conclusions of law, and state no facts sufficient to constitute such fraud. There were special demurrers on that point, and they were properly sustained. There are no other points necessary to be specially mentioned.

The judgment appealed from is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.